IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID NIGHTHORSE FIREWALKER-FIELDS, ) ) | | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-00741 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HON. BRUCE ALBERTSON, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Plaintiff David Nighthorse Firewalker-Fields, a Virginia inmate proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983 against four individuals: Hon. Bruce Albertson, a Page County Circuit Court judge, Kenneth Alger, a Commonwealth's Attorney, Travis Hopkins, identified as a probation officer, and Joseph Smith, identified as being an employee of "the Virginia Department of Corrections District 39." The brief complaint contains limited allegations. In their entirety, the allegations are:

> On December 2, 2016 I was advised by Travis Hopkins and Joseph Smith that I had a no access/no use internet ban issued by Bruce Albertson along with a no smartphone ban. I was told by Travis Hopkins my probation officer that I was not allowed to attend any religious services or my probation would be violated.

(Compl. 2, Dkt. No. 1.)

In terms of relief, Firewalker-Fields requests "[t]o have the internet ban replaced with monitored access and to be allowed to practice" his religious beliefs, to be allowed a smart phone, and he seeks $20,000 in damages. (*Id.*)

Based on records from the Circuit Court of Page County,[1] it is unclear whether Firewalker-Fields was incarcerated or on probation on the only date referenced in the complaint (December 2, 2016), although it seems most likely that he was incarcerated. Specifically, records show that in

---

[1] *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

Case No. CR07F0002-01, his probation was revoked on July 28, 2014 as a result of violating his probation in May 2014. At that time, he was sentenced to a seven-year sentence, with four years suspended. (In another case for which he was sentenced the same date, Case No. CR07F00003-01, he was sentenced to a seven-year consecutive sentence, but all seven years were suspended.) Then, at some point before June 2017, he was released. According to the records in CR07F00003-002, he committed another violation of his probation on June 6, 2017, was arrested on June 22, 2017, and, in August 2017, he was sentenced to seven years, with no time suspended.

The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A(a), which requires the court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Applying those standards, Firewalker-Fields's complaint is subject to dismissal on several grounds.[2] First of all, regardless of whether he was incarcerated or on probation on the date he identifies, the complaint directly challenges terms of the probation imposed as part of his criminal judgment, and he asks that this court modify several of those conditions. This claim falls squarely within the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994), where the Supreme Court held:

---

[2] At least some of the defendants must be dismissed for additional reasons not discussed in the text of this opinion. For example, Judge Albertson is entitled to judicial immunity, which gives him absolute immunity from liability in damages for his judicial acts. *Forrester v. White*, 484 U.S. 219, 225–26 (1988). Although there are limited exceptions to the immunity, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991), none are applicable here. Likewise, although it's unclear given the lack of allegations against him, defendant Alger also may be entitled to prosecutorial immunity. Furthermore, Firewalker-Fields does not identify any specific action taken by any of the other defendants that violates his constitutional rights. All he asserts is that two of them informed him of the terms of his probation, which does not state a constitutional claim. Thus, he has not stated a valid claim against any of the defendants.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . .

512 U.S. at 487 (emphasis in original).

Other courts addressing challenges similar to Firewalker-Fields's have squarely held that they are barred by *Heck*. *Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977) (holding that a challenge to the terms of probation must be brought by means of a petition for habeas corpus); *Blackmon v. Hamblin*, 436 F. App'x 632, 633 (7th Cir. 2011) ("A person convicted of a crime may not use § 1983 to attack the fact of his confinement or the conditions of his parole" and so the plaintiff's constitutional challenge to the condition of his parole must be brought in a habeas petition); *Saunders v. Jones*, No. 3:12CV192-HEH, 2014 WL 2155342, at *3 (E.D. Va. May 22, 2014) ("[Plaintiff's] challenge to the terms and conditions of his probation is an attack on the sentence imposed by the Circuit Court and . . . necessarily implies the invalidity of his sentence"; thus, it was barred by *Heck*). The same result is appropriate here. Because any relief granted on Firewalker-Fields's claim would necessarily demonstrate the invalidity of at least a portion of the criminal judgment against him—the challenged terms of probation—he may not bring that claim in an action pursuant to 42 U.S.C. § 1983, but must file a habeas petition instead.

Even if his claims were not barred by *Heck*, plaintiff wholly fails to state sufficient factual matter to state a constitutional claim. *See, e.g.*, *Thigpen v. McDonnell*, 273 F. App'x 271, 273 (4th Cir. 2008) (noting that some of the claims raised by the plaintiff were barred by *Heck*, but for those that were not, they were nonetheless subject to dismissal for failing to meet minimum pleading requirements). Based on the limited allegations in his complaint, it is not even clear if Firewalker-

Fields is asserting more than one claim, but it appears to the court that he is raising only a First Amendment challenge to the terms of his probation. As to such a claim, however, he has provided no information as to how the challenged terms of his probation render him unable to adequately practice his religion. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In short, Firewalker-Fields's complaint does not provide fair notice of his claim or the grounds upon which it rests. Although he claims there is an interference with his religion, which could arguably state a First Amendment claim, he does not explain in any way how a condition that he not have internet or phone access interferes with his ability to practice his religion.

For these reasons, the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

For the foregoing reasons, the court will dismiss the complaint in its entirety, without prejudice. Additionally, Firewalker-Fields's motions for default judgment (Dkt. Nos. 11, 12) will be denied. Defendants have not yet been served with the complaint and thus they are under no obligation to respond. Accordingly, they are not in default.

An appropriate order will be entered.

**ENTER**: This  3rd day of June, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE