**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAVID NIGHTHORSE** | ) | |
| **FIREWALKER-FIELDS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:19cv00741** |
| | ) | |
| | ) | <u>**MEMORANDUM OPINION**</u> |
| **v.** | ) | |
| | ) | **By: Norman K. Moon** |
| **HON. BRUCE ALBERTSON,** | ) | **United States District Judge** |
| **KENNETH ALGER, TRAVIS** | ) | |
| **HOPKINS, and JOSEPH SMITH,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

The Fourth Circuit remanded this case to this Court to consider in the first instance whether plaintiff's claims are barred by the statute of limitations. This Court concludes that they are. Plaintiff, a Virginia inmate proceeding *pro se*, had filed this complaint pursuant to 42 U.S.C. § 1983 against four individuals: Hon. Bruce Albertson, a Page County Circuit judge; Kenneth Alger, a Commonwealth's Attorney; Travis Hopkins, a probation officer; and Joseph Smith, an employee of the Virginia Department of Corrections. All four defendants moved to dismiss. (Dkt. Nos. 39, 49, 52.) Also before the court are plaintiff's July 17, 2023 motions, filed after remand, for a preliminary injunction and to appoint counsel. (Dkt. Nos. 64, 65.)

For the reasons stated below, defendants' motions to dismiss will be granted, plaintiff's motions for a preliminary injunction and to appoint counsel will be denied, and the court will issue an order dismissing this matter and entering final judgment.

# I. BACKGROUND

## A.     Plaintiff's Allegations

Plaintiff filed this action on October 20, 2019.  (*See* Compl., Dkt. No. 1.)[1]  Plaintiff alleges that on December 2, 2016, he was advised by Hopkins and Smith that he had a no access/no use internet ban issued by Judge Albertson, along with being banned from having a smartphone.  (*See id*.)  Plaintiff also was allegedly told by Hopkins, plaintiff's probation officer, that he was not allowed to attend any religious services or his probation would be violated. Plaintiff asks that the internet ban be replaced with monitored access and that he be allowed to practice his Islamic faith.  Further, plaintiff requests a smartphone and $20,000.

## B.     Plaintiff's Probation Restrictions

The court ascertains, based on public records attached to the various motions to dismiss,[2] that in 2007, plaintiff pled guilty to and was convicted in the Circuit Court for Page County of various sex offenses involving minors.  Plaintiff was sentenced to 20 years of incarceration with 14 years of that sentence being suspended.  (*See* Ex. 1, Dkt. No. 50-1.)  Plaintiff agreed to abide by certain conditions while on supervised probation, including not having contact with minor children under the age of 18, and a ban on having access to the internet.  (Ex. 2, Dkt. No. 50-2.)

---

[1]  October 20, 2019, is the verified date of the complaint.  It was not docketed until November 5, 2019.  Oddly, plaintiff claims that his complaint was not filed until June 3, 2020. (Dkt. No. 63 at 5.)

[2]  The court may consider matters of public record such as the court orders attached to the motions to dismiss.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (finding that on a 12(b)(6) motion the court "may properly take judicial notice of matters of public record"); *Sheppard v. Conway*, Civil Action No. 15-1589, 2016 WL 1728822, at *2 (W.D. Penn. Feb. 17, 2016) ("In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6).").

Alger was not the Commonwealth's Attorney for Page County at this time (*see id.*); he became Commonwealth's Attorney in 2012.

After serving his sentence, plaintiff was released from incarceration and remanded to supervised probation. However, he violated the terms and conditions of his probation and returned to court in 2014 for a probation revocation hearing. The court found him in violation, revoked fourteen years of his remaining suspended sentence, and re-suspended eleven years of that sentence. Those eleven years were re-suspended on the condition that he successfully complete a period of supervised probation including all of the terms and conditions that were imposed in the original sentence in 2007 as well as the special conditions imposed by the court in 2014, which included no access to the internet or a smart phone. (Ex. 3, Dkt. No. 50-3.) The revocation hearing date was July 28, 2014, and the revocation order was entered August 6, 2014. (*Id.*) Alger was the Commonwealth's Attorney for Page County at this time. Judge Albertson was the presiding judge.

After serving that sentence, plaintiff was released from incarceration and remanded to supervised probation, but in 2017, he again violated the terms of his probation. The court revoked his probation and revoked eleven years of his remaining suspended sentence, but re-suspended four of those years. The remaining four years of the plaintiff's sentence was re-suspended on the condition that plaintiff successfully complete a period of supervised probation which included all of the terms and conditions imposed in the original sentencing order of 2007. This order was entered on September 12, 2017. (Ex. 4, Dkt. No. 50-4.)[3] Alger was the

---

[3] Unlike the 2014 Order, the special conditions did not reference internet or smartphone access, but the original conditions carried over from the 2007 Order include a ban on internet access.

3

Commonwealth's Attorney for Page County at this time.  Judge Albertson was not the presiding judge.  The 2017 order remains the controlling order as to plaintiff's probationary status.

**C.      Prior Order of Dismissal**

On June 3, 2020, the court issued a memorandum opinion and order dismissing this case without prejudice upon review pursuant to 28 U.S.C. § 1915A(a).  (Dkt. Nos. 13, 14.)  The court reasoned that plaintiff's challenge to the terms of his probation is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Further, the court found that even if the claims were not barred by *Heck*, plaintiff failed to state sufficient facts to state a constitutional claim.  The court also noted that there were several other grounds for dismissal, including judicial immunity for Judge Albertson and prosecutorial immunity for Alger.  (Dkt. No. 13 at 2 n.1.)

Plaintiff appealed.  On October 6, 2022, the Fourth Circuit issued an order remanding the case and directing the court to consider defendants' statute of limitations defense in the first instance.  (Dkt. No. 22.)  Pursuant to this mandate, and after the initial round of briefing on the pending motions to dismiss, the court directed the defendants to submit further briefing on the statute of limitations defense.  (Dkt. No. 69.)  Those briefs have been received and considered by the court.  (Dkt. Nos. 70–72.)

**II.  ANALYSIS**

**A.  Standard of Review**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  When analyzing such a motion, the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pled." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B.  Statute of Limitations**

Because Congress did not set time limits for filing a 42 U.S.C. § 1983 action, the applicable statute of limitations is governed by the general personal injury limitation period in the state where the action arises. *Owens v. Okure*, 488 U.S. 235, 239–41, 250 (1989).  In Virginia, general personal injury actions must be commenced within two years from the date on which the claim accrues.  Va. Code § 8.01-243(A); *A Society Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011).  Although "the limitation period is borrowed from state law, the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995).  A § 1983 claim accrues

"when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

As discussed above, plaintiff's claims against Hopkins and Smith are that on December 2, 2016, he was advised by Hopkins and Smith that he had a no access/no use internet ban issued by Judge Albertson, along with being banned from having a smartphone.  Plaintiff also was allegedly told by Hopkins, plaintiff's probation officer, that he was not allowed to attend any religious services or his probation would be violated.

Hopkins and Smith argue that plaintiff's cause of action accrued, at the latest, on July 28, 2014, the date of the most recent sentencing event—a revocation hearing— prior to any meeting or discussion with plaintiff in 2016 about his restrictions.  Thus, the claims against Hopkins and Smith are time-barred as this action was not filed until October 2019.  Even if the court were to consider the possibility that the cause of action accrued December 2016, the only date mentioned in plaintiff's complaint and the date of an ostensible discussion between plaintiff, Hopkins, and Smith, about his probation conditions, the action would still be time-barred.

Judge Albertson argues that the claims against him are time-barred because they are based on his sentencing order entered August 6, 2014, which was then superseded by an order entered September 12, 2017, at which point Judge Albertson was no longer the presiding judge. Even if the latter date were to apply on some sort of continuing violation theory, plaintiff's claim is still time-barred because it was filed more than two years later in October 2019.  As for plaintiff's claims against Alger, he was the prosecuting attorney that resulted in the August 2014 and September 2017 orders.  On that basis, any claim by plaintiff against Alger would be time-barred for the same reasons as the claims against Judge Albertson.  Furthermore, just like plaintiff's claims against Hopkins and Smith, the court can presume that plaintiff's claims

against Alger and Judge Albertson accrued as late as December 2016, and under that theory, plaintiff's claims would still be time-barred.

Plaintiff argues that the statute of limitations should be equitably tolled.  Federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." *Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir. 1985) (citing *Bd. of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 484–86 (1980)).  Under Virginia law, to invoke equitable estoppel, and thus be entitled to equitable tolling, plaintiff "must show that the defendant somehow prevented plaintiff from filing suit within the statutory time period." *Roseboro v. Brown*, No. 1:13cv513 LO/TRJ, 2015 WL 631352, at *4 (E.D. Va. Feb. 12, 2015). Plaintiff must establish that (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence.  *Schmidt v. Household Finance Corp., II*, 661 S.E.2d 834, 840 (Va. 2008); *see also Roseboro*, 2015 WL 631352, at *4 ("To invoke equitable estoppel—and thus be entitled to equitable tolling—under Virginia law a party must prove" that "(1) a party knowingly and falsely concealed a material fact; (2) the party invoking equitable estoppel did not know the true nature of the material fact; (3) the party invok[ing] estoppel relied on the misrepresentation; and (4) the party invoking estoppel 'was misled to his injury.'" (quoting *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 266 S.E.2d 887, 890 (Va. 1980)).

Plaintiff argues that the limitations period should be equitably tolled because he was not told by Smith or Hopkins that the court decision was not grievable within the Virginia Department of Corrections.  (Dkt. No. 63 at 4.)  "Had the defendants given the plaintiff fair and

equitable notice of the fact that state court decisions were not grievable he wouldn't have been forced to wait until his intake into the Virginia DOC in 2017[4] . . . to learn of his non-grievable status." (*Id.* at 5.)  Plaintiff thus maintains that the statute of limitations on his cause of action should be tolled "until his reception date into the VADOC to determine the starting point of the limitations deadline." (*Id.* at 5.)  Defendants' alleged failure to provide information about grievability did not in any way prevent plaintiff from pursuing a timely challenge to his restrictions.  Pertaining to Judge Albertson's 2014 sentencing order, plaintiff was aware—or should have been aware—of the order and the restrictions contained therein when it was issued, and there were no impediments to him pursuing a legal challenge to those restrictions at that time.  Plaintiff has not presented any evidence of misrepresentation or misconduct by any of the defendants, or any attempt to impede plaintiff's lawsuit.  Moreover, based on the bare allegations of the complaint, plaintiff has not plausibly alleged as much.

Ultimately, it appears that, to the extent that plaintiff wished to challenge the probation restrictions he complains about in this lawsuit, he should have filed an appropriate challenge in state court.  Plaintiff apparently did not pursue such a challenge, so he belatedly sought to challenge those conditions through a federal civil rights action.  Setting aside whether plaintiff's claims in this action have any merit, they are plainly time-barred.

For these reasons, the court finds that plaintiff's claims against all four defendants are barred by the statute of limitations.

## C.  Preliminary Injunction

Next, the court considers plaintiff's much belated motion for a preliminary injunction, filed in July 2023—over 3 years, 8 months since he brought this suit and over 8 months after the

---

[4]  Plaintiff does not provide a specific date in 2017.

Fourth Circuit remanded this action to this court for the limited purpose of considering the statute of limitations. Therein, plaintiff essentially now asks this *federal* court to modify the terms of his *state* sentence, namely his conditions of supervision. Dkt. 64 at 1, 4. Yet Virginia affords persons under state supervision statutory mechanisms to pursue requests to remove or modify conditions of state supervision. *E.g.*, Va. Code § 19.2-304 ("Increasing or decreasing probation period and modification of conditions"). Plaintiff has not availed himself of such mechanisms, much less exhausted his state remedies or demonstrated their unavailability. *See generally* Dkt. 64.

Because plaintiff's convictions are state convictions, "in which [Virginia], the rendering jurisdiction, retains an interest," and plaintiff has not availed himself of Virginia's "avenues of post-conviction relief," these considerations "counsel[ ] against accepting [plaintiff's] invitation to turn § 1983 into some routine vehicle for challenging long-settled state convictions." *See Griffin v. Balt. Police Dep't*, 804 F.3d 692, 698–99 (4th Cir. 2015). Rather, the "usual federal remedy," as with "all those who challenge unlawful state confinement, is habeas corpus." *Id.* at 698. The court has already held that since plaintiff seeks relief "directly challeng[ing] the terms of the probation as part of his criminal judgment, and he asks that this court modify several of those conditions," that "[t]his claim falls squarely within the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994)." Dkt. 13 (Mem. Op.) at 2 (citations omitted). The motion for preliminary injunction must be denied for the same reasons: the "vehicle [plaintiff] has presently chosen is not, at least not now, an appropriate one under Supreme Court and circuit precedent." *See Griffin*, 804 F.3d at 699.[5]

---

[5] The fact that plaintiff seeks injunctive relief does not avoid application of the *Heck* bar. *See, e.g.*, *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) ("While *Heck* dealt with a § 1983 claim for damages, the Court did not limit its holding to such claims. And we see no reason why its rationale would not apply in a situation where a criminal defendant seeks injunctive relief that

**D. Motion to Appoint Counsel**

In view of the court's determination that plaintiff's lawsuit is time-barred, and that he is not entitled to preliminary injunctive relief, the court will deny plaintiff's motion to appoint counsel.[6]

### III. CONCLUSION

For the reasons stated in the foregoing opinion, defendants' motions to dismiss will be granted. The court will issue an appropriate order dismissing plaintiff's claims and entering final judgment in this matter.

**ENTER:** This 26th day of September, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

necessarily implies the invalidity of his conviction."), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011); *Legette v. Wilson*, No. 4:19-cv-1845, 2019 WL 5884302, at *4 (D.S.C. Nov. 12, 2019) (holding plaintiff's motion was "barred by *Heck*," because "[d]eclaratory and injunctive relief which would overturn a state judgment of conviction are not cognizable in a § 1983 action") (citations omitted).

[6] Even if this motion were not moot it would be denied because plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).